IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOSEFINA INTHALANGSY, <br> Plaintiff, <br><br> v. <br><br> WAL-MART STORES <br> TEXAS, LLC, d/b/a <br> WALMART STORES TEXAS <br> 2007, LLC, <br> Defendant. | § § § § § § § § § § § | EP-19-CV-121-PRM |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On this day, the Court considered Defendant Wal-Mart Stores Texas, LLC's [hereinafter "Defendant"] "Motion for Summary Judgment" (ECF No. 22) [hereinafter "Motion"], filed on January 3, 2020; Plaintiff Josefina Inthalangsy's [hereinafter "Plaintiff"] "Response in Opposition to Defendant's Motion for Summary Judgment" [hereinafter "Response"] (ECF No. 50), filed on February 14, 2020; and Defendant's "Reply to Plaintiff's Response to Motion for Summary Judgment" [hereinafter "Reply"] (ECF No. 55), filed on February 21, 2020. After due consideration, the Court is of the opinion that Defendant's Motion should be granted in part and denied in part for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case concerns a large can of hominy which fell on Plaintiff's foot. On June 25, 2018, Plaintiff was shopping at Defendant's Store Number 5962, located at 4716 Hondo Pass Drive in El Paso, Texas. Compl., June 12, 2019, ECF No. 7, at ¶ 5; Resp. 2. At checkout, Defendant's cashier employee placed Plaintiff's groceries inside plastic bags on a moving carousel. Resp. 2. While bagging the groceries, the cashier placed a large can of hominy in a single grocery bag. Compl. ¶ 5. As Plaintiff was retrieving her grocery bags from the carousel, the large can of hominy fell through its bag and landed on Plaintiff's right foot. *Id.* Plaintiff alleges that she "sustained injuries to her right foot and other parts of her body as a result of the incident." *Id.* at ¶ 6. She brought claims of negligence and premises liability against Defendant. *Id.* at ¶¶ 8–13.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A genuine dispute exists "if the evidence is such that a

2

reasonable [finder of fact] could return a verdict for the nonmoving party." *Rogers v. Bromac Title Servs., LLC*, 755 F.3d 347, 350 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A dispute 'is material if its resolution could affect the outcome of the action.'" *Exxon Mobil Corp. v. United States*, 108 F. Supp. 3d 486, 504 (S.D. Tex. 2015) (quoting *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005)).

"Under Federal Rule of Civil Procedure 56(c), the party moving for summary judgment bears the initial burden of . . . 'identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). When the moving party has met its initial burden, "the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004).

In adjudicating a motion for summary judgment, a court "consider[s] evidence in the record in the light most favorable to the non-moving party

and draw[s] all reasonable inferences in favor of that party." *Bluebonnet Hotel Ventures, LLC v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014). However, if the non-moving party fails to respond or otherwise "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

## III. ANALYSIS

Defendant moves for summary judgment on Plaintiff's premises liability and negligence claims. First, the Court is of the opinion that summary judgment should be granted as to Plaintiff's premises liability claim because Plaintiff fails to satisfy this claim's elements. Second, the Court concludes that summary judgment should be denied as to Plaintiff's negligence claim because the facts of the above-captioned cause do not limit Plaintiff to a theory of premises liability.

### A. Premises Liability Claim

In assessing summary judgment on Plaintiff's premises liability claim, the Court as an initial matter determines that the dangerous condition which caused Plaintiff's injury was the hominy placed inside a

4

single plastic bag. The Court then concludes that summary judgment is appropriate because Defendant had no actual or constructive knowledge of this dangerous condition.

In order to prevail on a premises liability claim against a property owner, Plaintiff must establish that:

> "(1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries."

*Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014). Of particular importance in this case, constructive knowledge "can be established by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection." *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102–03 (Tex. 2000); see *Wal-Mart v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998) (referencing a "reasonable opportunity to discover the condition.").

For a premises liability claim, the condition causing an injury must also ordinarily be "the condition at the time and place injury occurs, not some antecedent situation that produced the condition." *Brookshire*

*Grocery Co. v. Taylor*, 222 S.W.3d 406, 407 (Tex. 2006). Although there are cases where a course of conduct or method of operation may qualify as a dangerous condition, such conduct or method must "pose[] an unreasonable risk of harm" or an "unusually high risk" in order for a plaintiff to prevail. *Id.* at 408 (quoting *H.E. Butt Grocery Co. v. Resendez*, 988 S.W.2d 218, 219 (Tex. 1999); *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983)).

Here, as a matter of law, the Court determines that the can of hominy in a single grocery bag was the injury-causing condition in Plaintiff's premises liability claim. The single-bagged hominy was the condition "at the time and place injury occur[ed]," which directly caused Plaintiff's foot injury. *Brookshire Grocery Co.*, 222 S.W.3d at 407. Contrary to Plaintiff's claims, Defendant's method or standard practice of bagging groceries was not the premises condition, because these practices were part of an "antecedent situation" that led to the cashier placing the hominy in the single bag. *Id.* The Court's legal determination here is consistent with established Texas law, which almost universally holds that in premises liability cases, the last link of a causal chain is the premises condition. *See id.* at 408 (Tex. 2006) (finding that the condition

was water on the floor rather than a leaky roof, and a grape on the floor rather than a display of grapes).

The Court is of the opinion that summary judgment should be granted in favor of Defendant because Defendant did not have actual or constructive knowledge of the premises condition causing injury here. Defendant has correctly identified that there is no evidence that it actually knew that the can of hominy was in a single plastic bag, or that it had constructive knowledge of this condition based on its ability to conduct a reasonable inspection. Plaintiff fails to identify specific evidence of actual or constructive knowledge of this condition, and instead identifies evidence that Defendant knew bagging heavy groceries could possibly lead to injuries. But the premises condition causing Plaintiff's injury is the single-bagged hominy, not Defendant's method of bagging groceries. Accordingly, because Plaintiff cannot bring a premises liability claim without showing that Defendant had knowledge of the premises condition, the Court concludes summary judgment should be granted in favor of Defendant. *See Henkel*, 441 S.W.3d at 251 (establishing elements of premises liability).

Even assuming arguendo that the premises condition here was Defendant's method of bagging groceries, the Court is of the opinion that summary judgment should be granted in favor of Defendant. A premises liability claim based on a method of operation requires that the method of operation be unreasonably dangerous. *Brookshire Grocery Co.*, 222 S.W.3d at 407. But Defendant employs a method of bagging groceries which is not significantly different from other retailers and presents no unusually high risks. Accordingly, because Defendant's method of bagging groceries is not unreasonably dangerous, Plaintiff cannot prevail on a premises liability claim based on a method of operation. *See Resendez*, 988 S.W.2d at 219 ("the mere fact that a store has a customer sampling display cannot, without more, be evidence of a condition on the premises that poses an unreasonable risk of harm"); *Brookshire Grocery Co.*, 222 S.W.3d at 408 ("No evidence suggests that the soft drink dispenser was set up in such a way that ice on the floor was a greater danger than one would ordinarily encounter with such dispensers.").

## B. Negligence Claim

Defendant moves for summary judgment on Plaintiff's negligence claim, arguing that the facts of Plaintiff's injury limit her to asserting a

premises liability claim. However, the Court is of the opinion that summary judgment as to Plaintiff's negligence claim should be denied, because as a matter of law Plaintiff was injured by the affirmative, contemporaneous conduct of Defendant's cashier.

"The lines between negligent activity and premises liability are sometimes unclear, since 'almost every artificial condition can be said to have been created by an activity.'" *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010) (quoting *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)). Whereas "negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury," premises liability "encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Id.* For a negligence claim, the evidence should show that "the injury was caused by or was a contemporaneous result of the negligent activity itself, rather than a condition created by the negligent activity." *Brooks v. PRH Investments, Inc.*, 303 S.W.3d 920, 923 (Tex. App. 2010) (omitting citations).

First, the Court is of the opinion that summary judgment should be denied because Plaintiff properly pleads negligence resulting from

9

Defendant's affirmative, contemporaneous conduct. Defendant's cashier placing the can of hominy in a single plastic bag on the grocery bag carousel is an affirmative act, and the hominy falling on Plaintiff's foot took place immediately after, or essentially contemporaneously with, the cashier placing the hominy in a single grocery bag. The Court also notes that because of the close connection between bagging the hominy and the hominy falling on Plaintiff's foot, the events here are similar to other affirmative negligent acts such as an employee directly handing a customer an improperly bagged item or an employee dropping a box on a customer. *See Wal-Mart Stores, Inc. v. Garza*, 27 S.W.3d 64, 67 (Tex. App. 2000) (finding that plaintiff "was injured by the contemporaneous activity of [employee] removing the item from the shelf.").

Second, Plaintiff cannot be limited to a premises liability claim because, as a matter of law, the conduct leading to Plaintiff's injury should not be categorized as a premises condition. Defendant argues that the single-bagged hominy is a condition which is the product of Defendant cashier's negligent act, limiting Plaintiff to a premises liability claim. Resp. 2. However, the case at bar is unlike cases where a plaintiff is limited to premises liability, because such cases involve a significant gap

in place and time between an injury and the negligent activity. *See Keetch*, 845 S.W.2d at 264 (limiting Plaintiff who slipped on floor thirty minutes after employee sprayed chemicals limited to premises liability claim); *Kroger Co. v. Persley*, 261 S.W.3d 316, 321–22 (Tex. App. 2008) (limiting Plaintiff to premises liability when there was no ongoing negligent activity of spilling water on the floor). Here, the Court is of the opinion that there is a close nexus between the alleged negligent activity of bagging the hominy and Plaintiff's injury, which allows Plaintiff's negligence claim to proceed.

## IV. CONCLUSION

After due consideration, the Court concludes that it will grant summary judgment as to Plaintiff's premises liability claim and deny summary judgment as to Plaintiff's negligence claim, permitting Plaintiff to proceed to trial on her negligence claim.

Accordingly, **IT IS ORDERED** that Defendant Wal-Mart Stores Texas, LLC's "Motion for Summary Judgment" (ECF No. 22) is **GRANTED IN PART AND DENIED IN PART**.

Summary judgment is **GRANTED** as to Plaintiff Josefina Inthalangsy's premises liability claim.

Summary judgment is **DENIED** as to Plaintiff Josefina Inthalangsy's negligence claim.

SIGNED this 26 day of February, 2020.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE